**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 18, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2943

| | |
|---|---|
| GLEN FRANKLIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-C-251 |
| | |
| NANCY BOWENS, *et al.,* | Lynn Adelman, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Glen Franklin, a Wisconsin inmate, appeals the entry of summary judgment for prison officials on his Eighth Amendment claim that they were deliberately indifferent to his abdominal pain, swollen testicles, and bloody stools. Franklin complains that the care he received did not relieve his conditions faster, but the record shows that the medical staff diagnosed and treated his problems reasonably. Therefore, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

We review the entry of summary judgment de novo, viewing all facts in Franklin's favor. *See SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). Franklin first reported to the prison's medical staff in late 2014 that he was experiencing bloody stools. The nursing staff diagnosed him with hemorrhoids and provided suppositories. Two months later, he saw a nurse again about his stools. Franklin explained that each bowel movement was strained and contained blood. The nurse suspected constipation, so she prescribed a fiber supplement for him.

Franklin received regular care from this nurse over the next two years. He periodically complained to her about bloody stools, painful and frequent urination, abdominal pain, testicular pain, and skin discoloration. Each time, she examined him, ruled out potential causes, and, if one treatment failed, proposed another based on his symptoms and her training and experience. All told, over the two years, she prescribed a fiber supplement, a stool softener, a laxative, different pain relievers, antibiotics, scrotal supports, anti-inflammatory drugs, hemorrhoid ointment, and witch-hazel pads. Franklin's symptoms sometimes abated, but twice the nurse referred him to prison doctors when his symptoms returned.

Besides these treatments, the nurse also ordered diagnostic tests to rule out specialized problems. These included urine tests, colonoscopies, an upper endoscopy (a test to examine the lining of the esophagus, stomach, and first part of the small intestine), a fecal occult blood test, a prostate massage urinalysis, and a testicular ultrasound. The tests ruled out blood in Franklin's urine, infection, colon cancer, sexually transmitted infections, prostatitis, polyps in the colon or rectum, and other gross abnormalities. The nurse also referred Franklin for a possible biopsy, but a prison doctor decided that it was not necessary. At his most recent appointment with the nurse in 2017, Franklin's diagnostic tests were normal except for high blood pressure.

Franklin unsuccessfully challenged the adequacy of this care. First, his internal grievances about his medical care were dismissed. Then, invoking 42 U.S.C. § 1983, he sued the nurse, the manager of the prison's health-services unit (a registered nurse who oversees inmates' care), the warden, and the secretary of the state's Department of Corrections. He accused them all of deliberate indifference to his health in violation of the Eighth Amendment. The district court ruled that Franklin's care was constitutionally sufficient and entered summary judgment against him.

On appeal, Franklin argues that summary judgment was improper. To defeat summary judgment, he needed to supply evidence that could persuade a rational jury

that the defendants knew of and disregarded an excessive risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He contends that, based on his medical record, the defendants knew for two years that he endured unresolved abdominal pain and bloody stools, but refused to refer him to a specialist and persisted with ineffective treatment.

The record, however, undisputedly shows that Franklin's nurse provided him with constitutionally adequate care. A medical professional's treatment of an inmate is compatible with the Eighth Amendment unless it so substantially departs from accepted professional judgment that it recklessly endangered the inmate's health. *See Lockett v. Bonson*, -- F.3d --, No. 19-1012, 2019 WL 4051867, at *4–5 (7th Cir. Aug. 28, 2019). No jury could find such a departure here. The nurse saw Franklin regularly, ran relevant diagnostic tests, and treated his pain and ailments with pain relievers, antibiotics, and other drugs. His conditions subsided at times. When symptoms returned, the nurse did not persist in continuing with ineffective remedies; instead she applied new treatments, administered other tests, and twice referred him to a doctor. The Eighth Amendment does not require prison doctors "to keep an inmate pain-free in the aftermath of proper medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). And Franklin has not furnished evidence suggesting that the nurse chose "an 'easier and less efficacious treatment' without exercising professional judgment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)). Finally, because all the diagnostic tests for specialized problems revealed normal results, the nurse was not presented with an obvious need for a specialist. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

The district court also correctly entered summary judgment for the remaining defendants. For liability under § 1983, a defendant "must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Franklin presented no evidence that the prison administrators were personally involved with his care, so they cannot be held liable. *See Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). And the claim against the unit's health-services manager fails because Franklin's medical care was not constitutionally deficient. *See Mitchell*, 895 F.3d at 498; *Arnett v. Webster*, 658 F.3d 742, 758–59 (7th Cir. 2011).

AFFIRMED